BEFORE THE FIRST DIVISION, OCTOBER 24, 1945

**No. 50611.**—Protest 99574-K of P. Silverman & Son (Portland, Maine).

COLE, Judge: This case concerns the tariff classification of so-called discarded paper-mill felts, unfit for further use in the manufacture of paper and having no commercial value except for the recovery of their component wool fibers by processing to a fibrous condition known as wool shoddy.

The merchandise was classified under paragraph 1105, Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1101, par. 1105), as amended by the trade agreement with the United Kingdom, T. D. 49753, as a wool waste, not specially provided for, and assessed with duty at 14 cents per pound. Plaintiff's principal claim is for classification under the general provision for "Waste, not specially provided for," carrying a dutiable rate of 7½ percent ad valorem, under paragraph 1555, Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1101, par. 1555), as amended by the trade

agreements with Canada and the United Kingdom, published in T. D. 49752 and T. D. 49753, respectively. The alternative claim is for wool rags, dutiable at 9 cents per pound, either directly under said amended paragraph 1105 or by similitude under paragraph 1559, Tariff Act of 1930. Claims are also made under paragraph 1558, Tariff Act of 1930, as nonenumerated merchandise, dutiable either at 10 percent ad valorem as being unmanufactured or at 20 percent ad valorem as manufactured articles.

Defendant concedes the collector's classification to be "erroneous," the admission coming in the light of the recent statutory construction announced in *P. Silverman & Son* v. *United States*, 32 C. C. P. A. 99, C. A. D. 292, involving identical merchandise, and wherein the court held, after reviewing the legislative history of the tariff provisions for "Wool Wastes," that "Congress, in framing the provision for 'all other wool wastes not specially provided for,' did not contemplate that merchandise of the kind at bar should find classification under that provision." In that case, plaintiff, the same party as the one before us, contended for classification as wool rags. The claim was overruled on a record in which no attempt to show commercial designation was made, the court concluding with the statement that "the merchandise should not be so regarded [as wool rags], at least within the common meaning of the term."

The record in the cited case was incorporated herein, but in addition thereto the parties introduced a written stipulation (defendant's exhibit 2), reading, in part, as follows:

It is hereby stipulated and agreed by and between the attorney for the plaintiff and the Assistant Attorney General of the United States, attorney for the defendant, subject to the approval of the Court, as follows:

\* \* \* \* \* \* \*

4. That if witnesses who are engaged in the woolen industry, buying, selling, and processing domestic and imported merchandise, including wool rags, in the United States were called, they would testify:

(a) That the term "wool rags" is used in said industry and has a definite, uniform and general meaning therein; that such meaning existed at and prior to June 17, 1930, and has continued to exist down to the present time.

(b) That the term "wool rags" used in said industry means a fabric or an article made from fabric which has been worn out or discarded and includes such articles as worn-out overcoats, suits of clothes, underwear, blankets, carpets and rugs and paper mill felts, and is not limited by any particular as to size, color, shape or previous condition or use.

(c) That the various types of materials embraced within the term "wool rags" in said industry are usually denominated by descriptive names to indicate their character and origin, such as, merinos, jersey clips, brown worsted clips, tailors' clips, hosiery clips, paper mill felts, overcoatings and blankets; that all of said types are uniformly regarded and understood in the woolen industry throughout the United States as "wool rags" and are so bought and sold.

The foregoing agreement is sufficient for a case on commercial designation and establishes, as a matter of fact, that the merchandise in question is wool rags. Thus the instant case assumes a materially different aspect from the incorporated one.

Wool rags are specifically provided for and the stipulated facts, hereinabove quoted, bring the articles in question squarely within such *eo nomine* designation in paragraph 1105, as amended, *supra*.

Such being the case, the authorities are uniform in upholding an *eo nomine* designation, such as we find here. Under the circumstances, it is unnecessary to discuss the numerous cases cited in the briefs before us, both of which are splendidly prepared and intelligently and convincingly distinguished the instant case from the decisions in the incorporated one.

The wool rags in question are classifiable under the specific provision therefor in paragraph 1105, as amended, *supra*, and dutiable accordingly at 9 cents per pound, as claimed.

The protest is sustained and judgment will be rendered accordingly.